Filed 02/24/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-04290

| R.W., et al. v. J.M., et al |
|---|

## ENTRY REGARDING MOTION

Title:         Motion to Remove R.W. as Next Friend of A.M. (Motion: 49)
Filer:          Stacey A. Adamski
Filed Date:    November 02, 2025

**Decision on J.M.'s Motion (#49) to Remove R.W. as A.M.'s Next Friend**

A.M., a minor, is in an extraordinary position. Plaintiff R.W. (A.M.'s mother) claims that, many years ago, when they lived with her father, Defendant J.M., he abused both of them. R.W.'s allegations did not persuade the family division in a child-in-need-of-supervision (CHINS) case or the parentage action or a jury in a criminal case against J.M., who has long had sole legal and physical rights over A.M. under a final order of the family division. More recently, the family division substantially reduced R.W.'s parent–child contact.

In this case, R.W. has asserted a variety of civil claims, arising ultimately from the claimed abuse by J.M., on behalf of herself and A.M., against J.M., A.M's paternal grandmother, the Department for Children and Families (DCF), and others alleged to have been DCF employees and to have colluded to undermine the CHINS proceeding and shield J.M. from scrutiny over his abuse of A.M. J.M. has long denied all abuse allegations successfully in all concluded legal proceedings arising out of them. In short, there is deep conflict between R.W. and J.M. that persists in court due to this lawsuit, and R.W. has placed A.M. directly in the middle of it by causing her to sue her own father while living with him on a nearly full-time basis. Despite that, J.M. until very recently never sought to remove R.W. as A.M.'s next friend *due to a lack of fitness* for that role. That motion now is pending.

Perhaps predictably, J.M. represents that A.M. (now 14 years old) does not subscribe to the abuse allegations and wants nothing to do with this suit. He recommends replacing R.W. with A.M.'s paternal grandfather (obviously not an independent third party) as her next friend. R.W., in turn, represents that A.M. does subscribe to the abuse allegations, believes that R.W.'s

and A.M.'s interests are aligned and not in conflict in any way, and is wholly satisfied with R.W.'s performance as her next friend and their counsel and wishes to stay the course with the litigation.

DCF, S.D., and K.D. argue that it would be appropriate for the court to substitute an independent guardian ad litem (GAL) for A.M. in place of R.W. to ensure that her best interests are being advanced (without taking position otherwise on what may be in her best interests).

The court has never heard from A.M. except through the representations of her parents who are adversaries in this litigation. Nevertheless, R.W. asserts that A.M. is mature and fully capable of making her own determinations as to whether and how to proceed with this case. The same is at least implicit in J.M.'s representations, which purports to be predicated on A.M.'s *expressed* preferences. It is entirely possible that, if A.M. stays in this case at all, she will need a GAL and, possibly, her own counsel.[1] For now, the court neither grants nor denies J.M.'s motion.

Rule 17(b) gives the court broad discretion to take any action "it deems proper for the protection of the infant or incompetent person." R.W.'s fitness to act as next friend to A.M. has been squarely called into question. Assuming that A.M. has the maturity and presence of mind that her parents ascribe to her, the court believes that the best starting point for determining how to proceed is to hear from A.M. in an appropriate manner. The appointment of a limited-purpose GAL should be able to facilitate that constructively.[2]

Accordingly, the court requests that the parties promptly confer with the aim of identifying within 30 days a mutually acceptable, disinterested third party, who is a lawyer, and who will consent to be A.M.'s limited-purpose GAL upon appointment by the court. The GAL's limited responsibilities will be to meet with A.M. outside of the presence of R.W., J.M., and the other defendants and without any counsel for the parties present. The meeting or meetings, as

---

[1] It is not clear that A.M. would have the resources to hire counsel unaffiliated with the law firm that currently represents both R.W. and A.M.

[2] The Court has also considered the provisions of Rule 53 and has used the concept of a limited special master in constructing this order to facilitate the threshold fact-finding issue, which the present motion presents to the Court concerning A.M.'s ability to make mature, independent decisions and the extent to which the Court should incorporate her independently expressed wishes into how the present litigation proceeds. V.R.C.P. 53.

determined by the GAL, shall be in-person and shall occur under such conditions as the GAL finds to be appropriate for the following purposes:

(1)     To determine the extent to which A.M. understands this litigation, including the legal claims asserted and supporting allegations, and her and her parents' roles in it.

(2)     To determine whether or to what extent A.M.'s presence of mind and maturity are such that her views should (more or less) inform the court's understanding of her best interests.

(3)     To determine her concerns or considered preferences as to (a) whether she remains a party to this case, (b) whether she believes her and R.W.'s interests are aligned in pursuit of the asserted claims and allegations, (c) whether her best interests might be better served if she were represented by a GAL, and (d) any other matter that arises during the meeting and is relevant to the goals of Rule 17(b) to provide a representative who can act on A.M.'s behalf and interests and to protect A.M. through the Court process.

(4)     And to so report to the court and the parties without undue delay, after which the GAL may be discharged.

Following receipt of this report, the Court will conduct a hearing to determine the appropriate next steps regarding the pending motion, to either resolve it or determine if it is appropriate to appoint independent counsel and GAL for A.M. for either further testimony toward resolving the motion or for long-term representation in this matter.

The parties shall notify the court when such a GAL has been identified. If the parties are unable to identify such a GAL within 30 days, they shall file a status report describing what progress has been made in that regard, what if anything has impeded progress, setting forth their anticipated next steps, and setting forth any recommendations as to how to move forward with the identification and appointment of the GAL in a timely manner.

Once the GAL has been identified, the Court will issue an Order appointing the individual and providing an order of reference for the GAL consistent with this Order.

**So Ordered.**

Electronically signed on 2/24/2026 12:43 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge